BRIGHT, Circuit Judge,
with whom KELLY, Circuit Judge, joins, concurring.
I concur in the court’s opinion denying relief in court proceedings to petitioner Garcia.
I write separately to observe that in denying relief Garcia will be separated from his family—his wife and two adult daughters, all United States citizens.
Garcia has been a crime-free resident of this country for more than twenty years. A 2011 policy memorandum by U.S. Immigration and Customs Enforcement (ICE) Director John Morton directs ICE personnel to weigh certain factors when determining whether to exercise their prosecu-torial discretion in removal proceedings consistent with the priorities of the agency, including “the person's length of presence in the United States”; “the person’s criminal history”; and “whether the person has a U.S. citizen or permanent resident spouse, child, or parent.” Memorandum from John Morton, Dir., U.S. Immigration & Customs Enft, to All Field Office Directors, All Special Agents in Charge, All Chief Counsel, U.S. Immigration & Customs Enft 4 (June 17, 2011), https://www. ice.gov/doclib/secure-communities/pdf/ prosecutorial-discretion-memo.pdf.
This new policy took effect in June 2011, two months after the Department of Homeland Security initiated the current removal proceedings against Garcia. Nonetheless, this policy allows ICE personnel to exercise their prosecutorial discretion “at any stage of an enforcement proceeding.” Id. at 5. I suggest that the. agency may now wish to exercise prosecutorial discretion to save this family from a separate existence and allow Garcia to stay with his wife and daughters in the United States. *515 Garcia does not seem to pose any risk of harm to anyone should he remain in this country.